**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Southern Division**

| | | |
|---|---|---|
| **LIFE INSURANCE COMPANY** | * | |
| **OF NORTH AMERICA** | | |
| | * | |
| **v.** | | **Case No. AW 05-633** |
| | * | |
| **JEFFREY MONROE** | | |
| | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**
**GRANTING PLAINTIFF'S MOTION FOR SANCTIONS**

Pursuant to the referral of this case to me for resolution of post-judgment matters, the

Court has received Plaintiff's Status Report and Request for Ruling on Motion for Sanctions

("Plaintiff's Request") (Docket Item No. 17).  Specifically, Plaintiff seeks a ruling on an

outstanding request for sanctions.  The Court has reviewed Plaintiff's Request and the related

memoranda.  No opposition has been filed.  No hearing is deemed necessary.  Local Rule 105.6

(D. Md.).  Plaintiff seeks reimbursement in the amount of $25,390.61 for attorney's fees and

expenses incurred by Plaintiff in post-judgment activities.  The Court now makes an award in the

amount of $3,958.00.

**I.  Background**

A.  Procedural Background

Plaintiff filed this ERISA action against Defendant on March 4, 2005 for overpayment of

long-term disability benefits.  An Order of Default was entered on April 18, 2005, awarding

judgment against Defendant in the amount of $40,472.02 (Docket Item No. 9).  This Court

denied Defendant's Motion to Vacate Default Judgment, finding no excusable neglect on behalf

of Defendant (Docket Item No. 13).  Plaintiff later filed Plaintiff's Motion to Compel Post-Judgment Discovery and for Sanctions ("Plaintiff's Motion") on July 14, 2006, as Defendant had failed to be responsive to discovery requests and failed to attend a scheduled deposition.  In an order dated August 24, 2006 (Docket Item No. 16) the Court granted the motion to compel portion of Plaintiff's Motion, but reserved judgment on the sanctions portion.  In Plaintiff's Request, it now asks the Court to resolve the pending issue of sanctions.

B. <u>Enforcement of the Judgment</u>

Plaintiff attempted to obtain post-judgment discovery after judgment was entered against Defendant.  Defendant was served through his counsel, Rand L. Gelber, Esquire, with Interrogatories in Aid of Execution and Request for Production of Documents in Aid of Execution on March 27, 2006.  Responses were due by April 29, 2006.  Plaintiff's attempts to contact Mr. Gelber on April 24, May 1, May 4, and May 16, 2006 regarding the status of such responses were unfruitful.  Plaintiff's counsel sent letters to Mr. Gelber regarding his unresponsiveness on May 23, 2006 and June 5, 2006, and still received no acknowledgment.

Plaintiff also served Defendant, through Mr. Gelber, with a Notice of Deposition of Defendant on May 18, 2006.  The deposition was scheduled for June 23, 2006.  No objection to the notice was filed and Mr. Gelber made no contact with Plaintiff.  Plaintiff contacted Mr. Gelber by letter on June 20, 2006 out of concern for Mr. Gelber's unresponsiveness.  No response was received.  Not surprisingly, neither Defendant nor Mr. Gelber attended the scheduled deposition on June 23, 2006.  On that date, fifteen minutes after the deposition was to begin and in the absence of Defendant and Mr. Gelber, Plaintiff telephoned Mr. Gelber.  Plaintiff was told that neither Defendant nor Mr. Gelber would be appearing for the deposition but that

Defendant would be willing to provide discovery responses at a later date.  Nonetheless, no responses to Plaintiff's discovery requests or communication regarding the canceled deposition were received.  Accordingly, Plaintiff filed Plaintiff's Motion on July 14, 2006, nearly three months after Plaintiff's discovery responses were due and three weeks after Defendant failed to attend the deposition.

Although condensed, the foregoing facts represent the essence of Defendant and Mr. Gelber's actions, reason for which Plaintiff's Motion to Compel was granted.  In its August 24, 2006 Order, the Court ordered Defendant to answer interrogatories and produce documents within ten days, and to submit to deposition at a date, time, and location provided by Plaintiff.

## II.  Analysis

Plaintiff seeks sanctions from Defendant pursuant to Rules 37(a)(4)(A) and 37(d).[1]  In Plaintiff's Motion, Plaintiff moved for an Order of the Court compelling Defendant to comply with post-judgment discovery and for sanctions against Defendant and Mr. Gelber.  Plaintiff now asks the Court to make a ruling regarding the sanctions.  In Plaintiff's Request, it argues that "despite this Court's gracious deferral of its ruling" on Plaintiff's Motion for Sanctions, and despite Plaintiff's patience, Defendant and Mr. Gelber have "continued to pursue a strategy of

---

[1] Plaintiff also argues for sanctions under Rule 30(g)(1).  This rule reads:
>    (G) Failure to Attend or Serve Subpoena; Expenses.  (1) If the party giving the notice of the taking of a deposition fails to attend and proceed therewith and another party attends in person or by an attorney pursuant to the notice, the court may order the party giving the notice to pay to such other party the reasonable expenses incurred by that party and that party's attorney in attending, including reasonable attorney's fees.

Because this rule applies to the failure to attend of the party giving notice of the taking of a deposition (in this case, Plaintiff), Plaintiff's argument is misplaced and will not be addressed by this Court.

stonewalling and intransigence, perhaps calculating that the Court will not sanction them, and that" Plaintiff will abandon the matter as costs of executing the judgment rise.  While the Court does not inquire in to the reason for the behaviors of Defendant and Mr. Gelber, it wishes to discourage the type of behavior that Defendant and Mr. Gelber have displayed and finds that sanctions pursuant to Rules 37(a)(4)(A) and 37(d) are necessary.  "If the primary responsibility for conducting discovery is to continue to rest with the litigants, they must be obliged to act responsibly and avoid abuse."  Advisory Committee Notes, 1983 Amendments to Fed. R. Civ. P. 26(g).

        A.  <u>Interrogatory Responses and Requests for Documents</u>

Federal Rule of Civil Procedure 37(a)(4)(A) requires that, if a motion to compel is granted, the Court shall order the subject of such motion to pay the moving party's reasonable expenses, including attorney's fees, unless the moving party failed to make a good faith effort to obtain the disclosure or discovery without court action, the opposing party's actions were substantially justified, or other circumstances make such an award unjust.  Because this Court finds none of the latter circumstances to apply, it will order the payment of reasonable expenses and attorney's fees to Plaintiff.

The Court finds that Plaintiff made a good faith effort to obtain discovery without court action.  As outlined above, Plaintiff made multiple efforts to communicate with Mr. Gelber, for affirmative and preventative reasons.  Although it is Defendant's duty to be abreast of and comply with deadlines, Plaintiff attempted to repeatedly remind Mr. Gelber of discovery deadlines and to seek Defendant's compliance.  Plaintiff also made a good faith effort to work with Mr. Gelber by being flexible and accepting Mr. Gelber's promises that discovery would be

sent at a certain date or time, which in the end resulted in being untrue.  This has served to create more work for Plaintiff and to further prejudice Plaintiff's attempts to execute the judgment against Defendant.

Alternatively, the Court finds that Defendant and Mr. Gelber's actions are not substantially justified, and that no circumstances exist to make an award of attorney's fees and reasonable expenses to Plaintiff unjust pursuant to Rule 37(a)(4)(A).  Defendant and Mr. Gelber have provided no response to either of the motions filed by Plaintiff in attempt to justify their actions.  On the facts presented to the Court, Defendant repeatedly failed to comply with Plaintiff's interrogatory and document requests.  This Court finds this lack of diligence to be obtrusive if not egregious.

Finding no exception to the award of sanctions, this Court finds that Defendant and Mr. Gelber's conduct is sanctionable pursuant to Federal Rule of Civil Procedure 37(a)(4)(A).  The remedy available to the Court is limited to an award of reasonable expenses incurred in making the motion, including attorney's fees.[2]  Thus, this Court will award those reasonable expenses and attorney's fees it finds to be related to preparing Plaintiff's Motion.  In determining attorney's fees as a sanction for a discovery violation, "the court starts with the 'lodestar' figure, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Costar Group, Inc. v. Loopnet, Inc.*, 106 F. Supp. 2d 780, 787 (D. Md. 2000) (citation omitted).  Absent circumstances warranting adjustment, the lodestar figure represents

---

[2]Plaintiff has not moved the Court to determine sanctions for any violation of the Court's August 24, 2006 order.

the proper total fee award.  *Id.*  In deciding what constitutes a "reasonable" number of hours and rate, the district court generally is guided by the following factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Costar*, 106 F. Supp. 2d at 787.

It is generally the burden of the applicant to produce evidence demonstrating that the rates charged are in line with those prevailing in the community for similar services by similar lawyers.  *Id.* at 788.  In the absence of such evidence, as is the case here, the Court may rely on its own knowledge of the market.  *Id.* (citation omitted).

While not binding upon the Court under these circumstances, the Court finds instructive Appendix B, Rules and Guidelines for Determining Lodestar Attorney's Fees in Civil Rights and Discrimination Cases of the Local Rules of the U.S. District Court for the District of Maryland ("the Guidelines").  Under the Guidelines, counsel with more than eight years of experience would be granted an hourly rate between $200.00 - $275.00, lawyers admitted to the bar for between five and eight years would be credited with an hourly rate between $150.00 - $225.00, and lawyers admitted to the bar for less than five years are credited with an hourly rate from $135.00 - $170.00.

A review of the Affidavit of Stephen R. Harris ("Harris Affidavit") and the attached remittance pages indicate the following rates and hours expended on Plaintiff's Motion:

|         | Hourly Rate | Hours Expended |
|---------|-------------|----------------|
| Harris  | $400        | 2              |
| Coleman | $350        | 5.3            |
| Haggins | $195        | 11.3           |

In view of the Guidelines, the Court finds that some of the rates charged by Plaintiff's counsel are unreasonable.  This Court notes that Mr. Harris possesses nearly thirty years of experience and that Mr. Coleman possesses nearly ten years of experience.  It is not aware of the experience of A.N. Haggins.[3]  Given the Guidelines, the experience of the attorneys, and the scope of the legal work involved, the Court finds it appropriate to assign hourly rates of $275, $265, and $135 to the above listed attorneys, respectively.

This Court finds that the 18.6 hours committed to Plaintiff's Motion represent a reasonable number of hours to be expended on such a project when Defendant and Mr. Gelber have been so uncooperative.  Thus, the Court will impose a sanction comprised of the hours listed above multiplied by the newly assigned rates.  Accordingly, the Court GRANTS Plaintiff's Motion as it pertains to Defendant's and Mr. Gelber's violations of Rule 37(a)(4)(A) and imposes a monetary sanction in the amount of $3,480.00, jointly and severally against Defendant and Mr. Gelber.

---

[3]Plaintiff bears the burden of demonstrating that the rates charged are reasonable and providing experience levels for its attorneys.  This Court determined the experience levels of Mr. Harris and Mr. Coleman from the websites of Drinker Biddle & Reath, L.L.P and Martindale-Hubbell.  As the Court is unable to access information regarding A.N. Haggins, it awards the fee at the lowest end of the spectrum, $135.00 per hour.

B.  Deposition

Federal Rule of Civil Procedure 37(d) provides that if a party fails to appear for a

deposition after being served with proper notice, that party may be subject to sanctions as

described in 37(b)(2)(A)-(C), and that the party failing to obey, the attorney advising that party,

or both, shall pay reasonable expenses, including attorney's fees, caused by the failure unless the

Court finds that the failure was substantially justified.

The Court does not find that Defendant's failure to appear was substantially justified.

After receiving notice of the deposition on May 18, 2006, Defendant provided no objection or

indication to Plaintiff that he did not intend to appear for the deposition.  Plaintiff attempted to

contact Mr. Gelber three days before the deposition out of concern for Mr. Gelber's

nonresponsiveness and received no response.  Plaintiff only learned that Defendant would not be

appearing when he called Mr. Gelber fifteen minutes after the start of the scheduled deposition.

Plaintiff's Motion states:

> Having received no objection to the deposition notice or any request to reschedule
> the date, the deposition counsel for LINA appeared with a court reporter at 10:00
> a.m. for the deposition. . . . Neither Mr. Monroe nor his counsel appeared. . . . At
> about 10:15 a.m., counsel for LINA telephoned Mr. Gelber, who confirmed that
> despite his awareness of the deposition notice and lack of any filed objections
> thereto, Mr. Monroe would not appear, though Mr. Gelber stated that Mr. Monroe
> would be willing to appear and provide discovery at a later date.

Nonetheless, Defendant failed to appear for deposition or provide discovery at a later

date, which led to the filing of Plaintiff's Motion.  Given these circumstances, the Court finds

that an award of sanctions for Defendant's failure to appear for deposition is appropriate.

Federal Rule of Civil Procedure 37(d) implicitly requires the Court to make a finding that

the attorney's fees and costs which Defendant requests are reasonable before ordering Defendant

to pay such fees.  *Gordon v. New England Tractor Trailer Training Sch.,* 168 F.R.D. 178 (D.

Md. 1996).  The "lodestar" factors outlined above with respect to the Rule 37(a)(4)(A) sanction

are applicable here as well.

 Neither the Harris Affidavit nor the remittance pages clearly delineate the number of

hours related to Defendant's failure to appear for the deposition.  The remittance pages indicate

in excess of fourteen hours somehow related to the deposition.  Nonetheless, the Court will not

give full credit for all hours relating to preparation for the deposition because some of the

preparations will have been fruitfully expended if Plaintiff deposes Defendant at a later date.  *See*

*Gordon*, 168 F.R.D. at 180.

 The Court finds the following entries to be reimbursable to Plaintiff through sanctions.

They either relate specifically to Defendant's failure to appear or they represent hours that will

have to be expended again at a future deposition of Defendant:

|    | Date | Description | Attorney | Hours |
|----|------|-------------|----------|-------|
| 1. | 6/5/06 | E-mail to S. Harris re . . . has defendant's attorney responded to notice of deposition . . . | P. Eynard | 0.5 |
| 2. | 6/20/06 | . . . draft letter to opposing counsel regarding attendance of upcoming deposition | B.A. Coleman | 1.2 |
| 3. | 6/20/06 | . . . retain court reporter | L.D. Monroe | 0.3 |
| 4. | 6/23/06 | . . . conduct deposition, in absence of deponent Monroe, telephone call to Monroe's counsel . . . | B.A. Coleman | 2.0 |

Some of the hours for the above remittances correspond to additional activities not related specifically to the deposition.[4]  Therefore, this Court will reduce each of the above remittances to one half of its original hours.  This leads to the following numbers of hours: P. Eynard: 0.25 hours; Mr. Coleman: 1.6 hours; L.D. Monroe: 0.15 hours.

Applying the Guidelines as were applied in the preceding section, Mr. Coleman's hourly rate is again reduced to $265.  Unaware of the experience of attorneys Peynard and Monroe, the Court will reduce their hourly rates to $135 each.[5]  This gives rise to a total of $ 478.00 in attorney's fees.  The Court imposes this sanction against both Defendant and Mr. Gelber.

This Court GRANTS Plaintiff's request for sanctions pursuant to Rule 37(d) and ORDERS a monetary sanction in the amount of $478.00, jointly and severally against Defendant and Mr. Gelber.

C.  Deterrence of Future Misconduct

This Court has adopted factors relevant to Rule 11 sanctions and applied them to sanctions awarded pursuant to Rule 37 because Rule 37, much like Rule 11, is designed to deter future misconduct.  *Gordon,* 168 F.R.D. at 180-81.  Accordingly, the Court considers the following factors:

(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the violation.

*Id.* at 180.

---

[4]For example, no. 2 includes "draft email assignments and updates" and no. 3 includes "receive and review e-mail," both which are unrelated to Defendant's failure to attend the deposition.  The Court will not reimburse such time under the devices of Fed. R. Civ. P. 37(d).

[5]See footnote 3, above.

The reasonableness of Defendant's fees have been discussed.  Regarding the second factor, this Court believes that the requested amount is sufficient to deter both Defendant and Mr. Gelber from demonstrating such behavior in the future.  It is not a nominal amount and the requirement that both Defendant and Mr. Gelber remit payment supports its deterrence value. This Court cannot consider the third factor, Defendant's ability to pay, because it has received no documents from Defendant relating to this matter.  It is Defendant's burden to demonstrate his inability to pay.  *Brubaker v. City of Richmond*, 943 F.2d 1363, 1388 (4th Cir. 1991).  It would be unjust to prevent a reasonable award of sanctions to Plaintiff merely because Defendant and Mr. Gelber have not responded to Plaintiff's motion.  Despite two opportunities to file responses to Plaintiff's Motion and Plaintiff's Request, Defendant has failed to do so.

Finally, regarding the fourth factor, Defendant's and Mr. Gelber's actions were sufficiently severe to justify sanctions.  Defendant and Mr. Gelber have provided no evidence to demonstrate that their conduct surrounding the failure to provide discovery requests and Defendant's failure to appear for deposition was justified.  The Court considers the facts provided by Plaintiff and those observed by this Court.  In consideration of the foregoing, the Court finds Defendant's and Mr. Gelber's gross disrespect for discovery procedures sufficiently severe to justify imposition of sanctions.  *See Gordon*, 168 F.R.D. at 181.

### III.  Conclusion

For the forgoing reasons, Plaintiff's Motion is GRANTED.  A separate order implementing this opinion follows.

_____/s/_____
Charles B. Day

United States Magistrate Judge
December 22, 2006

CBD:acg